United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60439
Summary Calendar

DEBBIE VAN DEVENTER,

Petitioner,

versus

ALBERTO T. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A97 189 425
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Debbie Van Deventer petitions for review of the Board of Im-
migration Appeals' decision summarily affirming the denial by the
immigration judge ("IJ") of her application for asylum. The deci-
sion of the IJ is the proper subject of our review. Soadjede v.
Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003). We will not reverse
the IJ's determination that Van Deventer was ineligible for asylum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

"unless the evidence is so compelling that no reasonable fact find-er could fail to find otherwise." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001) (internal quotation marks and cita-tion omitted).

Van Deventer argues that substantial evidence supports a de-termination both that she suffered past persecution and that she has a well-founded fear of future persecution on account of her race. The evidence, however, does not compel a finding that Van Deventer was "persecuted," as opposed to merely discriminated against, or that she suffered severe economic hardship as a result of South Africa's affirmative action policy. See Eduard v. Ash-croft, 379 F.3d 182, 187 n.4 (5th Cir. 2004); Abdel-Masieh v. INS, 73 F.3d 579, 583 (5th Cir. 1996).

Moreover, neither the conclusional assertion in Van Deventer's brief nor the IJ's decision establishes that the IJ failed to consider Van Deventer's separate incidents of harm in the aggregate when ascertaining whether she had suffered past persecution. Therefore, she has failed to carry her burden of establishing legal error in that respect. See Eduard, 370 F.3d at 188.

Because Van Deventer failed to establish past persecution, the IJ correctly held that she is not entitled to a presumption of fu-ture persecution. See 8 C.F.R. § 208.13(b)(1) (2006). Substantial evidence supports the IJ's determination that Van Deventer did not have an objectively reasonable fear of future persecution on ac-count of her race. The evidence does not compel a finding either

that the South African government had the capability and the inclination to punish Van Deventer, <u>see</u> <u>Zhao v. Gonzales</u>, 404 F.3d 295, 307 (5th Cir. 2005), or that her fear of being raped if removed was on account of an enumerated ground.

PETITION DENIED.